UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEHEJPAL SINGH (A-220-638-877),<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Respondents. | Case No.  1:26-cv-0788 DC CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Sehejpal Singh (A-220-638-877), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 3.)  Petitioner argues that his re-detention without a hearing and his continued detention violates his due process rights under the Fifth Amendment and the Eighth Amendment. (Id. at 16 (claims one and two).)  For the following reasons, this Court recommends that the petition be granted.

I.      LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

1

release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**II.      DISCUSSION**

On January 28, 2026, petitioner filed his motion for a temporary restraining order. (ECF No. 1.) On January 29, 2026, petitioner filed his habeas petition. (ECF No. 3.) On January 30, 2026, the district court stated that the issues raised in claim one appeared to mirror those previously addressed in many prior cases. (ECF No. 8 (citing Selis Tinoco v. Noem, No. 1:25-cv-01762 DC JDP, 818 F. Supp. 3d 1141 (E.D. Cal. 2025), Labrador-Prato v. Noem, No. 1:25-cv-01598 DC SCR, 815 F. Supp. 3d 1113 (E.D. Cal. 2025), D.L.C. v. Wofford, 1:25-cv-01996 DC JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026).) The district court directed respondents to show cause whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders in the cases listed above and would justify denial of a preliminary injunction. (Id.) On February 2, 2026, respondents filed an opposition to the motion for a temporary restraining order. (ECF No. 9.) In the opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225. (Id.) On February 3, 2026, the district court noted respondents' failure to acknowledge any material distinction between this case and the cases cited by the district court in the January 30, 2026 order. (ECF No. 10.) The district court converted petitioner's motion for a temporary restraining order to a motion for a preliminary injunction and granted the injunction. (Id.) In addition to granting petitioner's immediate release, the district court ordered respondents to not impose any additional restriction on petitioner, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing. (Id.) The district court also ordered that if the government seeks to re-detain petitioner, it must provide no less than 7 days' notice to petitioner and must

hold a pre-deprivation bond hearing before a neutral arbiter, at which petitioner's eligibility for bond must be considered.  (Id.)  The district court referred this matter to the assigned magistrate judge.  (Id.)

This Court provided the parties with an opportunity to submit additional briefing to decide the merits of the underlying petition.  (ECF No. 11.)  The parties did not submit any additional briefing, and briefing is closed.  (See docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by re-detaining him without a hearing (claim one).  As the district court explained in Labrador-Prato and Selis Tinoco, respondents' contention that 8 U.S.C. § 1225 applies to noncitizens who have been present in the United States is unavailing because of the weight of authority rejecting such a broad reading of § 1225.  See Labrador-Prato, 815 F. Supp. 3d at 1118-20; Selis Tinoco, 818 F. Supp. 3d at 1149-50.  As the district court also explained in Labrador-Prato, Selis Tinoco and D.L.C., the re-detention of a noncitizen without a bond hearing violates the Fifth Amendment due process clause.  See Labrador-Prato, 815 F. Supp. 3d at 1121-22; Selis Tinoco, 818 F. Supp. 3d at 1151-53; D.L.C., 2026 WL 25511, at *3-5.

Because the resolution of the first claim provides the relief requested, the Court need not reach the second claim.  Respondents' alternative request that this matter be stayed pending a ruling by the Ninth Circuit in Rodriguez v. Bostock, No. 25-6842 (9th Cir.) (see ECF No. 9 at 2) should be denied because a stay would not promote the efficient use of scarce judicial resources in a district with some of the highest caseloads in the country.

This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that petitioner's physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.

3

## III.    CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus be GRANTED as to claim one (due process).

2.  A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Sehejpal Singh (A-220-638-877) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that petitioner's physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 15, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Sing788.157.imm/2

4